IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
ANN ARBOR DIVISION

| | |
|---|---|
| CAROLYN ASH, | ) |
| Plaintiff, | ) 5:17-cv-10845 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| IQ DATA INTERNATIONAL, INCORPORATED, | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, CAROLYN ASH, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, IQ DATA INTERNATIONAL, INCORPORATED, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CAROLYN ASH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Phoenix, County of Jackson, State of Oregon.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Glencoe Hills Apartments (hereinafter, "the Debt").

6. The Debt was for an apartment which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. IQ DATA INTERNATIONAL, INCORPORATED (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan, Defendant's principal place of business is located in the State of Washington. Defendant is incorporated in the State of Michigan.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In August of 2008, Plaintiff agreed to co-sign on an apartment lease for a term of one (1) year along with a friend of Plaintiff's, Andrea Chandanais (hereinafter "Chandanais").

15. After the termination of the one-year lease, Chandanais continued to re-sign additional lease agreements for the ensuing years and up through 2013.

16. At no time after August of 2008 did Plaintiff re-sign any lease agreement or lease extension, and at no time did Plaintiff sign any other agreement to continue to be bound to Glencoe Hills Apartments for any other terms.

17. Notwithstanding the above, in October of 2013, Defendant began reporting to one or more credit reporting agencies, as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(4) that Plaintiff was indebted to Defendant.

18. In December of 2016, Plaintiff contacted Defendant to advise that she did not sign any additional lease agreement beyond the one year agreement for 2008.

19. On or about December 19, 2016, Defendant sent a letter to Plaintiff advising that validation of her debt was enclosed, and demanding that she remit the balance due of $5,683.80.

20. Defendant enclosed documents with its December 19, 2016 letter the reflected that the unit address belonged to Chandanais, that there were no "Co-Residents" and that the lease expired on August 11, 2013.

21. On or about January 9, 2017, Plaintiff contacted Defendant again to advise that the charges did not belong to her, that the remaining debt was only for Chandanais, and reminded Defendant that she had not re-signed anything beyond the one-year term in 2008 so that Defendant would contact its client to determine if another lease existed with Plaintiff's name on it.

22. During the course of a telephone call between Defendant and Plaintiff, Defendant stated that this debt belonged to Plaintiff and they would continue to report the debt to the credit reporting agencies, and attempt collections on the Debt.

23. Defendant's representations, as delineated above, were false, deceptive and misleading given that Plaintiff did not owe the Debt.

24. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that the Debt did not belong to Plaintiff and Plaintiff was not bound or obligated in any way to pay the alleged debt.

25. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, then the debt would remain on Plaintiff's credit report.

26. Notwithstanding Plaintiffs admonitions to Defendant, in January of 2017 Defendant again reported information to one or more credit reporting agencies that Plaintiff was indebted to Defendant in the amount of $5,696, and that said payments are past due.

27. The reporting of credit information about Plaintiff has the effect of holding her out to scorn and embarrassment to creditors and potential creditors who may view her credit report.

28. The information that Defendant has reported about Plaintiff is false, derogatory, and harmful.

29. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CAROLYN ASH, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                        Respectfully submitted,
                                        **CAROLYN ASH**

                            By:   s/ Larry P. Smith
                                    Attorney for Plaintiff

Dated: March 16, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:      lsmith@smithmarco.com